# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SYLVIA M DAVIS AND | ) | |
| NEAL V STUBBS, JR., | ) | CASE NO.: 24-10034-AMC |
|                 Debtors | ) | |
| ~~~~~~~~~~~~~~~~~~~~~~~~~~~ | ) | |
| CAPITAL ONE AUTO FINANCE, A | ) | |
| DIVISION OF CAPITAL ONE, N.A., | ) | |
|                 Movant | ) | **LOCATION:** |
|     vs. | ) | 900 Market Street, Suite 400 |
| | ) | Courtroom No. 4 |
| SYLVIA M DAVIS AND | ) | Philadelphia, PA 19107 |
| NEAL V STUBBS, JR., | ) | |
|                 Respondent(s) | ) | |
|     and | ) | |
| | ) | |
| SCOTT F. WATERMAN | ) | |
|                 Trustee | ) | |

## STIPULATION RESOLVING CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.'S MOTION FOR RELIEF FROM AUTOMATIC STAY

This matter having been brought to the court on the Motion for Relief from Automatic Stay (Doc. 32) filed by Capital One Auto Finance, a division of Capital One, N.A., ("Movant"), in the above entitled and numbered case, regarding the 2020 Mitsubishi Eclipse Cross Utility 4D LE AWD 1.5L I4 Turbo, V.I.N. JA4AT4AA3LZ016570 (the "Collateral"). The parties having resolved said motion as set forth in the below agreement of counsel and,

**IT IS THEREFORE STIPULATED THAT:**

1.     **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2.     **Current Monthly Payments**: Debtors shall continue to remit to Movant the regular post-petition monthly payments of $547.65, beginning February 16, 2025.

3. **Debtors are to pay post-petition arrearage in modified plan:** The parties stipulate that unpaid amount due post-petition total is $3,826.15 ("Arrearage"). Within 30 days of entry of this Stipulation, the Debtors must either (i) pay the Movant the Post-petition Arrearage; or (ii) file a proposed modification of the plan to add the arrearage in the plan. If the Debtors fail to file a modification or pay the Post-petition Arrearage and fails to do either, it is Final Default under this Stipulation.

4. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

5. **Conversion to Chapter 7:** The payment terms of this Stipulation shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Stipulation. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the note shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Stipulation.

6. **Default:** A default will occur in the event, (1) Movant does not receive a regular post-petition monthly payment by the due date as set forth above in paragraph 2, (2) Debtors fail to file modification of plan or pay the Movant post-petition arrearage, within 30 days of entry of this Stipulation, (3) Debtors default in making plan payments, (4) Debtors fail to keep the Collateral insured, or (5) Collateral is total loss. If Debtors default in any way under the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. Cure payments must be made by certified funds only and Movant may charge Debtors $50.00 for any

notice given pursuant to this Stipulation. If the account is not brought current within the fifteen-day period, Movant may be granted relief from the automatic stay imposed by 11 U.S.C. §362 as it relates to the Movant and the Collateral upon filing a Certification of Counsel that Debtors are in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Debtors, Debtors' counsel, and Chapter 13 Trustee. If the stay terminated pursuant to this Stipulation, Movant shall be allowed to enforce all its rights and remedies in the Collateral as permitted under the Contract and State law, and if applicable, permitted to file an unsecured claim for any remaining deficiency balance.

It is further agreed that Movant may immediately enforce and implement any future Order granting relief from the Automatic Stay and the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of any future Order.

Additionally, upon default, Movant shall notify the Court, Debtors, Debtors' attorney, and the Chapter 13 Trustee that the Automatic Stay has been terminated. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED:  1/30/2025                           /s/Brad J. Sadek
                                            BRAD J. SADEK
                                            Attorney for the Debtors

CONSENTED TO BY:

DATED:  1/30/2025                           *Regina Cohen*
                                            REGINA COHEN
                                            Attorney for Capital One Auto Finance, a division of Capital One, N.A.

CONSENTED TO BY:

DATED:  3/4/2025                            /s/Ann Swartz, for
                                            SCOTT F. WATERMAN
                                            Chapter 13 Trustee

4

# Exhibit B



05/19/2025

Neal V Stubbs, Jr.
10 W. 3rd Street, Apt 5 Rear
Lansdale, PA 19446

Sylvia M Davis
10 W. 3rd Street, Apt 5 Rear
Lansdale, PA 19446

SENT VIA CERTIFIED MAIL RRR# XXXX XXXX XXXX XXXX XXXX

| | | |
|---|---|---|
| RE: | Creditor: | Capital One Auto Finance, a division of Capital One, N.A. |
| | Debtor: | Neal V Stubbs, Jr. & Sylvia M Davis |
| | Case No.: | 24-10034 |
| | Account Number: | |
| | Collateral: | 2020 Mitsubishi Eclipse Cross Utility 4D LE AWD 1.5L I4 Turbo |
| | VIN No.: | JA4AT4AA3LZ016570 |
| | AIS File No.: | |

Number of Default under Agreed Order 01

## NOTICE OF DEFAULT

Please be advised that AIS Portfolio Services, LLC is the bankruptcy service provider for Capital One Auto Finance, a division of Capital One, N.A., with respect to the above-referenced account number and pending bankruptcy proceeding.

Debtor has failed to comply with the terms stated in the Agreed order entered on 03/04/2025 in the above referenced matter. Pursuant to the terms of Agreed order, we are providing our client's Notice of Default to you for the following reason(s):

1. Failure to provide post-petition payments of $5466.75 as of 05/19/2025 required under the terms of Agreed order.

In the event that the default is not cured on or before 06/06/2025 which is 15 days plus an additional three (3) days allowed for mailing time from the date of this letter, Capital One Auto Finance, a division of Capital One, N.A., file a Delinquency Motion for Relief from Stay and Co-debtor Stay. Capital One Auto Finance, a division of Capital One, N.A., will be entitled to exercise its rights in accordance with the terms as stated in the Agreed order. Please remit payment via certified funds to:

AIS Portfolio Services
Bankruptcy Department
P.O. Box 4360
Houston, Tx 77210

Do not hesitate to contact us directly at [(888) 455-6662+ 47340] if you have any questions or concerns.

                                                Sincerely,
                                                AIS Portfolio Services Referral Team

Enclosure:

Cc: SENT VIA REGULAR U.S. MAIL

Neal V Stubbs, Jr.
10 W. 3rd Street, Apt 5 Rear
Lansdale, PA 19446

Sylvia M Davis
10 W. 3rd Street, Apt 5 Rear
Lansdale, PA 19446

BRAD J. SADEK
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102